**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**WALTER ALAN DORFMEISTER,**

    **Plaintiff,**

vs.                                    CASE NO. 6:04-cv-1197-Orl-18DAB

**LOG CABIN HOMES, LTD. d/b/a
LOG STRUCTURES OF THE SOUTH,
THOMAS VESCE and BILL YALCH,**

    **Defendants.**
_____/

## **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

**COME NOW,** Defendants, **LOG CABIN HOMES, LTD. d/b/a LOG STRUCTURES OF THE SOUTH** and **THOMAS VESCE** (also "Defendants"), by and through their undersigned counsel, file their Answer to Plaintiff's Complaint And Demand For Jury Trial ("Complaint") as follows:

### **FIRST DEFENSE**

In response to the specific allegations contained in the Complaint, Defendants would allege as follows:

### **Introduction**

1. Defendants admit that Plaintiff purports to bring this action for alleged unpaid overtime wages and alleged unpaid wages pursuant to the Fair Labor Standards Act ("FLSA") and Chapter 448, *Florida Statutes*. Defendants further admit that Plaintiff purports to seek damages and a reasonable attorney's fee. Defendants, however, deny that

there is any basis in fact or law for any such claims and/or for damages, fees and/or relief pursuant to such claims and otherwise deny that they have violated the cited laws and/or that they have any liability thereunder. Defendants deny the remainder of the allegations contained in paragraph 1 of the Complaint.

## Jurisdiction

2.  Defendants admit that Plaintiff purports to bring this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Defendants admit that Plaintiff purports to invoke this Court's jurisdiction over the alleged FLSA claims pursuant to 29 U.S.C. § 216(b) and, otherwise, over the alleged state law claim under the doctrine of pendent jurisdiction. Defendants, however, deny that there is any basis in fact or law for any such claims and/or for the requested relief pursuant to such claims. Defendants further deny they have violated such laws as to Plaintiff and/or that they have any liability thereunder. Defendants deny the remainder of the allegations contained in paragraph 2 of the Complaint.

## Venue

3.  Defendants deny the allegations, as stated, in paragraph 3 of the Complaint.

## The Parties

4.  Defendants admit that Plaintiff was employed by Log Cabin Homes, Ltd. d/b/a Log Structures Of The South as a sales representative in Central Florida but deny the remainder of the allegations, as stated, in paragraph 4 of the Complaint.

5.  Defendants admit that Log Cabin Homes, Ltd. d/b/a Log Structures Of The South is a Delaware corporation. Defendants deny that they have any obligation to respond

to legal conclusions and, to the extent that a further response is required, deny such allegations, as stated, in paragraph 5 of the Complaint. Defendants deny remainder of the allegations, as stated, in paragraph 5 of the Complaint.

6. Defendants admit that Plaintiff was at one time an employee of Log Cabin Homes, Ltd. d/b/a Log Structures Of The South. Defendants deny that they have any obligation to respond to legal conclusions and, to the extent that a further response is required, deny such allegations, as stated, in paragraph 6 of the Complaint. Defendants deny the remainder of the allegations, as stated, in paragraph 6 of the Complaint.

7. Defendants deny that they have any obligation to respond to legal conclusions and, to the extent that a further response is required, deny such allegations, as stated, in paragraph 7 of the Complaint. Defendants deny the remainder of the allegations, as stated, in paragraph 7 of the Complaint.

8. Defendants admit that Log Cabin Homes, Ltd. d/b/a Log Structures Of The South is a Delaware corporation that does business in Florida. Defendants deny the remainder of the allegations, as stated in paragraph 8 of the Complaint.

9. Defendants deny the allegations, as stated, in paragraph 9 of the Complaint.

10. Defendants deny that they have any obligation to respond to legal conclusions and, to the extent that a further response is required, deny such allegations, as stated, in paragraph 10 of the Complaint. Defendants deny the remainder of the allegations, as stated, in paragraph 10 of the Complaint.

11. Defendants deny that they have any obligation to respond to legal conclusions and, to the extent that a further response is required, deny such allegations, as stated, in paragraph 11 of the Complaint. Defendants deny the remainder of the allegations, as stated, in paragraph 11 of the Complaint.

12. Defendants are without sufficient knowledge and therefore deny the allegations, as stated, in paragraph 12 of the Complaint.

## COUNT I

### Violation Of The Overtime Provisions
### Of The Fair Labor Standards Act Under Federal Law

13. Defendants admit that Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 12 of the Complaint as though set forth in full herein. Defendants reassert and incorporate by reference their responses to paragraphs 1 through 12 of the Complaint as if fully set forth herein in response to paragraph 13 of the Complaint.

14. Defendants deny the allegations, as stated, in paragraph 14 of the Complaint.

In response to Plaintiff's "Wherefore" paragraph, Defendants deny the assertions contained therein including, but not limited to, that Plaintiff is entitled to any judgment, of any type or kind, against either and/or both Defendants and/or any of the relief which he seeks pursuant to Count I of his Complaint. Defendants further deny that Plaintiff is entitled to or should be awarded damages including alleged unpaid overtime wages, liquidated damages, prejudgment interest, attorney fees, costs and/or any other type or kind of relief. Defendants further deny that any such relief is proper, appropriate and/or based on fact or

law. Defendants also deny that they have any liability to Plaintiff and/or that they should be held liable, including jointly and severally, for Plaintiff's alleged claims.

**COUNT II**

**Unpaid Wages Under Florida Statutes, Chapter 448
As To Defendant, Log Cabin Homes, Ltd. d/b/a
Log Structures Of The South, Inc. [sic][1]**

15. Defendant, Log Cabin Homes, Ltd. d/b/a Log Structures Of The South, admits that Plaintiff realleges the allegations contained in paragraphs 1 through 4, and 11, of the Complaint, as if fully set forth herein. Defendant, Log Cabin Homes, Ltd. d/b/a Log Structures Of The South, incorporates by reference its responses to paragraphs 1 through 4, and 11, of the Complaint as if fully set forth herein in response to paragraph 15 of the Complaint.

16. Defendant, Log Cabin Homes, Ltd. d/b/a Log Structures Of The South, admits that Plaintiff purports to bring this action pursuant to, and otherwise claims this action arises under, Chapter 448, *Florida Statutes*, and Florida common law. Defendant, Log Cabin Homes, Ltd. d/b/a Log Structures Of The South, denies that there is any basis in fact or law for any such claims and/or for damages, fees and/or relief pursuant to such claims,

---

[1] It appears from the face of Count II of the Complaint that Count II is pled only as to Defendant, Log Cabin Homes, Ltd. d/b/a Log Structures Of The South. While Defendant, Thomas Vesce, in no way waives his right to assert that Count II goes only to Defendant, Log Cabin Homes, Ltd. d/b/a Log Structures Of The South, out of an abundance of caution and to the extent the Court may determine to the contrary, Defendant, Thomas Vesce, beyond incorporating his responses to the previous paragraphs of the Complaint, denies the remainder of all allegations contained in Count II of the Complaint.

and otherwise, denies that it has violated the cited laws and/or has any liability thereunder. Defendant denies the remainder of the allegations contained in paragraph 16 of the Complaint.

17. Defendant, Log Cabin Homes, Ltd. d/b/a Log Structures Of The South, denies the allegations, as stated, in paragraph 17 of the Complaint.

18. Defendant, Log Cabin Homes, Ltd. d/b/a Log Structures Of The South, denies that it has any obligation to respond to legal conclusions and, to the extent that a further response is required, denies such allegations, as stated, in paragraph 18 of the Complaint. Defendant denies the remainder of the allegations, as stated, in paragraph 18 of the Complaint.

In response to Plaintiff's "Wherefore" paragraph, Defendant, Log Cabin Homes, Ltd. d/b/a Log Structures Of The South, denies that Plaintiff is entitled to any judgment, of any type or kind, against Defendant and/or any of the relief which he seeks pursuant to Count II of his Complaint. Defendant further denies that Plaintiff is entitled to or should be awarded damages, prejudgment interest, attorney fees, costs and/or any other type or kind of relief. Defendant further denies that any such relief is proper, appropriate and/or based on fact or law. Defendant also denies that it has any liability to Plaintiff.

## **Jury Trial Demand**

Defendants admit that Plaintiff seeks a jury trial on all issues so triable but deny that Plaintiff is entitled, and/or that a jury trial is proper and/or appropriate, to this matter.

**GENERAL DENIAL**

Defendants deny all other allegations, contentions and assertions by Plaintiff that are contained anywhere within his Complaint that are not specifically admitted.

**WHEREFORE,** Defendants, **LOG CABIN HOMES, LTD. d/b/a LOG STRUCTURES OF THE SOUTH** and **THOMAS VESCE**, pray that judgment be entered in their favor as to Plaintiff's Complaint, in its entirety, that Plaintiff take nothing, and that this Court award to Defendants their costs and attorney's fees as well as such other relief as the Court deems just and equitable.

**SECOND DEFENSE**

The Complaint should be dismissed and/or judgment accorded to Defendant(s), in whole or in part, to the extent that Plaintiff has failed to state a cause of action upon which relief may be granted.

**THIRD DEFENSE**

The Complaint should be dismissed and/or judgment accorded to Defendant(s), in whole or in part, on the grounds that Defendant's/Defendants' actions and conduct with regard to Plaintiff were premised upon legitimate business reasons and/or were justified.

**FOURTH DEFENSE**

The Complaint should be dismissed and/or judgment accorded to Defendants, in whole or in part, pursuant to the doctrines of estoppel, waiver and/or laches including, but not limited to, the extent that Plaintiff's own conduct bars and/or otherwise prohibits recovery in this action.

**FIFTH DEFENSE**

The Complaint should be dismissed and/or judgment accorded to Defendant(s), in whole or in part, to the extent that the relief sought by Plaintiff is improper, inappropriate and/or otherwise not available under the law upon which his claims rest including, but not limited to, that there is no basis for liquidated damages as Defendant(s) has/have acted in good faith as a reasonably prudent entity/individual would have acted under the circumstances and in reasonable belief of compliance with the applicable law.

**SIXTH DEFENSE**

Assuming *arguendo* that Plaintiff is permitted to proceed to trial in this matter and is permitted to recover and recovers any damages, Plaintiff's damages demand should be dismissed and/or judgment accorded to Defendant(s), in whole or in part on the grounds that such amounts, if any, must be offset by sums, including any unemployment compensation and/or any unearned pay, previously received by Plaintiff.

**SEVENTH DEFENSE**

The Complaint should be dismissed and/or judgment accorded to Defendant(s), in whole or in part, to the extent that Plaintiff's claims are subject to a written agreement which Plaintiff has failed to attach to his Complaint.

**EIGHTH DEFENSE**

The Complaint should be dismissed and/or judgment accorded to Defendant(s), in whole or in part, as Defendant(s) has/have acted in good faith as a reasonably prudent

entity/individual would have acted under the circumstances and in reasonable belief of compliance with applicable law.

## NINTH DEFENSE

Assuming *arguendo* that Defendant's/Defendants' conduct is found to be in violation of applicable law, a matter not conceded, any such violation was not "willful" as that term is defined by applicable law.

## TENTH DEFENSE

The Complaint should be dismissed and/or judgment accorded to Defendant(s), in whole or in part, on the grounds that the alleged violations of the Fair Labor Standards Act, if any, were *de minimis.*

## ELEVENTH DEFENSE

The Complaint should be dismissed and/or judgment accorded to Defendant(s), in whole or in part, as Defendant's/Defendants' alleged acts or omissions, if any, were in good faith, in conformity with, and/or in reliance on written administrative regulation, order, ruling, approval, interpretation, administrative practice and/or enforcement policy of a United States agency, specifically, the Wage and Hour Division of the U.S. Department of Labor and, as such, this action is barred based on Section 10 of the Portal-to-Portal Act of 1947, as amended, 29 U.S.C. § 259.

**TWELFTH DEFENSE**

The Complaint should be dismissed and/or judgment accorded to Defendant(s), in whole or in part, as Plaintiff, upon information and belief, did not work more than forty hours per week during the relevant time.

**THIRTEENTH DEFENSE**

The Complaint should be dismissed and/or judgment accorded to Defendant(s), in whole or in part, as Plaintiff has been paid for all time which is compensable that he worked.

**FOURTEENTH DEFENSE**

The Complaint should be dismissed and/or judgment accorded to Defendant(s), in whole or in part, to the extent that Plaintiff is exempt from some or all of the FLSA's requirements, including overtime compensation.

**FIFTEENTH DEFENSE**

The Complaint should be dismissed and/or judgment accorded to Defendant(s), in whole or in part, to the extent that Plaintiff has failed to fulfill conditions precedent, if any, and/or has failed to use or follow policies, procedures and/or other mechanisms including, but not limited to, arbitration.

**SIXTEENTH DEFENSE**

The Complaint should be dismissed and/or judgment accorded to Defendant(s), in whole or in part, because prior to the commencement of this action, Defendant(s) paid Plaintiff all monies, including wages and/or commissions, due to him and has thereby discharged Plaintiff's claims.

**SEVENTEENTH DEFENSE**

The Complaint should be dismissed and/or judgment accorded to Defendant(s), in whole or in part, because Plaintiff has received all monies due to him pursuant to the Sales Representative Agreement and/or Plaintiff's employment with Log Cabin Homes, Ltd. *See* attachment hereto.

**EIGHTEENTH DEFENSE**

The Complaint should be dismissed and/or judgment accorded to Defendant(s), in whole or in part, to the extent that this Court lacks subject matter jurisdiction including, but not limited to, Plaintiff's agreement to arbitrate claims. *See* attachment hereto.

**NINETEENTH DEFENSE**

The Complaint should be dismissed and/or judgment accorded to Defendant(s), in whole or in part, as Plaintiff has agreed to arbitrate claims including that arising out of his employment with Defendant Log Cabin Homes Ltd. and such should be compelled here. *See* attachment hereto.

**TWENTIETH DEFENSE**

The Complaint should be dismissed and/or judgment accorded to Defendant, Thomas Vesce, to the extent that this Court lacks personal jurisdiction over him.

**TWENTY-FIRST DEFENSE**

The Complaint should be dismissed and/or judgment accorded to Defendant, Thomas Vesce, in whole or in part, as he is an improper party to this action.

**TWENTY-SECOND DEFENSE**

The Complaint should be dismissed and/or judgment accorded to Defendant, Thomas Vesce, in whole or in part, as he is not Plaintiff's employer.

**TWENTY-THIRD DEFENSE**

The Complaint should be dismissed and/or judgment accorded to Defendant, Thomas Vesce, in whole or in part, as he is not individually liable to Plaintiff for the asserted claims and/or there can be no recovery against him under the law.

**RESERVATION OF RIGHTS**

Defendants reserve the right to amend this pleading and/or to amend or add further defenses including, but not limited to, those that may become known after the filing of this Answer.

**WHEREFORE,** Defendants, **LOG CABIN HOMES, LTD. d/b/a LOG STRUCTURES OF THE SOUTH** and **THOMAS VESCE**, request that judgment be entered in their favor, that Plaintiff's Complaint be dismissed with prejudice, and that the Court enter an Order granting to Defendants their attorney's fees, costs, and expenses, as well as other relief deemed just and equitable under the circumstances, incurred in defending this action.

**DATED** this 5th day of October, 2004.

Respectfully submitted,

**OGLETREE DEAKINS NASH SMOAK & STEWART, P.C.**

s/*M. Kristen Allman*

M. Kristen Allman
Florida Bar No. 708010
600 N. Westshore Boulevard, Suite 200
Tampa, Florida 33609-1117
Phone: (813) 289-1247
Facsimile: (813) 289-6530

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by U.S. mail, first class, to Plaintiff's counsel, Charles L. Scalise, Esq., Pantas Law Firm, P.A., 1720 S. Orange Avenue, 3rd Floor, Orlando, FL, 32806, this 5th day of October, 2004.

s/*M. Kristen Allman*

M. Kristen Allman